**Robert ARNOLD, Plaintiff–Appellant,**

v.

**Margarette T. GHEE, et al.,**
**Defendants–Appellees.**

**No. 00–4333.**

United States Court of Appeals,
Sixth Circuit.

June 11, 2001.

**314**

Before KEITH, BATCHELDER, and MOORE, Circuit Judges.

Robert Arnold, an Ohio prisoner proceeding pro se, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On September 21, 1999, Arnold filed a complaint against Margarette Ghee, chairperson of the Ohio Adult Parole Authority ("OAPA"); Steve Larson, a contract attorney for the Ohio Public Defender; Donald A. Cataldi and Bruce T. Snyder, OAPA hearing officers; and John Does, unknown members of the OAPA. Arnold alleged that in 1992, his parole was automatically revoked because he was convicted of two crimes while he was on parole for a prior criminal offense. In accordance with a consent decree entered into between the parties to a class action known as *Kellogg v. Shoemaker,* 46 F.3d 503 (6th Cir.1995), a parole mitigation hearing was subsequently conducted on Arnold's behalf in 1998. However, Arnold alleged that the defendants violated his rights under the Fourteenth Amendment and the *Kellogg* consent decree because he was not permitted to have witnesses, documents, and legal assistance at his parole mitigation hearing. Arnold sought a new parole mitigation hearing, monetary relief, an order that the defendants be held in contempt and fined, and judicial review of all *Kellogg* class members' revocation hearings.

Adopting a report and recommendation of a magistrate judge, the district court dismissed Larson from the action on January 5, 2000. The remaining defendants filed a motion for summary judgment, to which Arnold responded. A magistrate judge filed a report recommending that the defendants' motion be granted. Over Arnold's objections, the district court granted the defendants' motion for summary judgment and dismissed the action. Arnold has filed a timely appeal. Larson has filed a motion to dismiss himself as a party to this appeal.

Larson's motion to dismiss is granted. Larson was dismissed as a party to the proceedings by the district court and Arnold's appellate brief fails to raise any

issues concerning Larson or the district court's dismissal order.

Upon de novo review, we conclude that the district court properly granted summary judgment in favor of the defendants, although our decision is based upon different reasons than those relied upon by the district court. *See Kincaid v. Gibson*, 236 F.3d 342, 346 (6th Cir.2001) (summary judgment standard of review); *City Mgmt. Corp. v. U.S. Chem. Co.*, 43 F.3d 244, 251 (6th Cir.1994) (this court may affirm a decision of the district court "on any grounds supported by the record"); *Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co.*, 772 F.2d 214, 216 (6th Cir.1985) (this court must affirm a district court's decision "if correct for any reason, including a reason not considered by the lower court").

Because Arnold's complaint essentially alleged that the defendants violated the *Kellogg* consent decree, it is more appropriate for Arnold's claims to be raised under the original *Kellogg* case. *See generally Groseclose v. Dutton*, 829 F.2d 581, 584–85 (6th Cir.1987) (holding that a case brought by an inmate who was a member of a pending class action should have been consolidated with the class action rather than proceed as an independent case). Arnold is a member of the *Kellogg* class. The district court in the *Kellogg* case retained jurisdiction to enforce the provisions of the consent decree entered into between the parties. Under these circumstances, Arnold should seek relief through the *Kellogg* case so that enforcement of the consent decree may be addressed by one district court judge. *See generally Groseclose*, 829 F.2d at 584. Thus, the dismissal of Arnold's claims related to enforcement of the consent decree is modified to reflect that the dismissal is without prejudice to Arnold's right to seek relief as a member of the original *Kellogg* class.

In light of our disposition of Arnold's claims related to the *Kellogg* consent decree, it is not necessary to address Arnold's discovery argument.

Accordingly, Larson's motion to dismiss is granted and the district court's judgment is affirmed, as modified, to reflect that the dismissal of Arnold's claims arising under the consent decree is without prejudice. Rule 34(j)(2)(C), Rules of the Sixth Circuit.